Charles K. STEWART,
Plaintiff–Appellee,

v.

State of OKLAHOMA, Defendant–
Appellant,

and

James Saffle, in his official capacity as
director of the Department of
Corrections, Defendant.

No. 01–5131.

United States Court of Appeals,
Tenth Circuit.

June 12, 2002.

Thomas L. Bright, Tulsa, OK, for Plaintiff–Appellee.

Charles K. Babb, Assistant Attorney General, Oklahoma City, OK, for Defendant–Appellant.

Before SEYMOUR, McKAY, and MURPHY, Circuit Judges.

McKAY, Circuit Judge.

The State of Oklahoma, as employer, appeals from a denial of its Motion for Summary Judgment in this employment discrimination case.[1] Oklahoma asserts that a particular federal regulation, enacted by the Equal Employment Opportunity Commission, and upon which the plaintiff relied to satisfy his administrative exhaustion duties, violates both Title VII of the 1964 Civil Rights Act and the Eleventh Amendment. Because Oklahoma's Eleventh Amendment immunity is not threatened or eroded, we lack appellate jurisdiction over the merits of Oklahoma's exhaustion claim.

## I.

Plaintiff Stewart is an African–American employee of the Oklahoma Department of Corrections. Stewart filed a charge of discrimination with the EEOC alleging that prison officials demoted and reassigned him because of his race. The EEOC dismissed the charge and issued Stewart a right-to-sue letter. Stewart subsequently sued the State of Oklahoma alleging it violated Title VII.

The State moved to dismiss the suit claiming, among other things, that Stewart's right-to-sue letter was invalid because it came from the EEOC rather than the United States Attorney General. Oklahoma argued that Stewart had not exhausted his administrative remedies, relying on 42 U.S.C. § 2000e–5(f)(1) which Oklahoma argues requires the Attorney General to issue right-to-sue letters whenever the employer is a government agency.

Faced with the State's motion, Stewart asked the Attorney General to issue him a right-to-sue letter. The Attorney General declined, citing a work-share agreement codified in the Code of Federal Regulations, that places the duty on the EEOC to issue letters in cases where "there has been a dismissal of a charge." *See* Aplt. App. at 116, citing 29 C.F.R. § 1601.28(d).

The district court denied the State's motion to dismiss. The State then moved for

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

summary judgment, renewing its claim that Stewart's failure to secure a right-to-sue letter from the Attorney General violated the plain language of Title VII. The State bolstered its argument by invoking its Eleventh Amendment immunity. The State asserted that when Congress abrogated the states' Eleventh Amendment immunity as part of the 1972 Amendments to Title VII, it did so on the premise that a suit against a state employer could proceed only if the plaintiff secured a right-to-sue letter from the Attorney General. Consequently, the work-share agreement between EEOC and the Attorney General was unconstitutional.

The district court denied the motion for summary judgment without discussing the immunity claim. The court stated that it would be unfair to dismiss Stewart's suit in view of the Attorney General's refusal to issue him a right-to-sue letter. The State now appeals.

## II.

■ Our jurisdiction generally extends only to final orders from the district courts. 28 U.S.C. § 1291. A denial of summary judgment is not a final order within the meaning § 1291. *Walter v. Morton,* 33 F.3d 1240, 1242 (10th Cir. 1994). However, there are exceptions to the final order rule, including one for appeals arising under the "collateral order" doctrine. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (collateral order exception triggered by an assertion of right conclusively decided by a lower court and "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"). The Supreme Court has held that the rejection of an Eleventh Amendment immunity claim is an immediately appealable ruling under the collateral order ex-

ception. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144–45, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

■ Because Oklahoma has invoked the collateral order exception, we have jurisdiction over this interlocutory appeal to consider the State's Eleventh Amendment claim.

## III.

■ The State does not challenge the validity of Title VII's abrogation provision. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 452, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (when Congress amended Title VII, it clearly authorized suits against states). Oklahoma's challenge focuses on the work-share agreement reflected in 29 C.F.R. § 1601.28(d). The State asserts that Title VII contains a clear statutory mandate that the Attorney General, not the EEOC, issue right-to-sue letters in cases where a state agency is the employer. 42 U.S.C. § 2000e–5(f)(1). This directive was included with the abrogation provision as part of the 1972 Amendments to Title VII. Oklahoma argues that the subsequent federal regulation promulgated by the EEOC allowing it the ability to issue right-to-sue letters conflicts with the statute's express intent that the Attorney General be empowered with the sole right to issue right-to-sue letters. Thus, the federal regulation is invalid and Title VII's abrogation provision is contingent on a plaintiff's ability to produce a right-to-sue letter from the Attorney General.

We reject this argument. We are not convinced that when Congress amended Title VII it hitched the abrogation of the states' immunity to a requirement that the Attorney General issue aggrieved employees right-to-sue letters. The text of Title VII takes no position on the source of a plaintiff's right-to-sue letter; indeed it does not even refer to the requirement that a plaintiff obtain such a letter. *See* 42

U.S.C. § 2000e(a). Furthermore, when the Supreme Court ruled that Title VII properly abrogated the states' immunity, the Court never predicated its holding on the Attorney General issuing right-to-sue letters. *See Fitzpatrick,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614.

Similarly, the statute that purportedly directs the Attorney General to issue right-to-sue letters, 42 U.S.C. § 2000e–5(f)(1), contains no express or implied connection to the abrogation provision. The legislative history of Title VII is also silent with respect to any nexus between the abrogation provision and the issuance of right-to-sue letters. Neither Congress nor the courts have ever indicated that these two components of Title VII form any sort of partnership.

■ As we stated above, the district court did not address Oklahoma's immunity defense in its order denying summary judgment. It chose instead to focus on the merits of the underlying exhaustion claim. We construe the district court's silence as a rejection of Oklahoma's Eleventh Amendment defense and an implicit refusal to grant summary judgment on immunity grounds. Because we do not accept the State's argument, we affirm the district court's implicit ruling denying Eleventh Amendment immunity to Oklahoma.

### IV.

We next address Oklahoma's exhaustion claim. Oklahoma urges us to interpret the plain language of Title VII, specifically 42 U.S.C. § 2000e–5(f)(1), as clearly proscribing Stewart's reliance on a right-to-sue letter issued by the EEOC. The State requests that we reach this issue by exercising pendent appellate jurisdiction.

■ Simply because this court has jurisdiction over the State's immunity claim does not mean we have jurisdiction to review all other aspects of the district court's order denying summary judgment.

The Supreme Court has directed appellate courts to exercise pendent jurisdiction in interlocutory appeals sparingly over matters that are not themselves immediately appealable. *Swint v. Chambers County Comm'n,* 514 U.S. 35, 49, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995) (extending to civil cases the general rule, rooted in criminal law, that pendent claims are appealable "if, and only if, they too fall within *Cohen's* collateral-order exception to the final-judgment rule"). This court will exercise pendent appellate jurisdiction "where the otherwise nonappealable decision is inextricably intertwined with the appealable decision, or where review is necessary to ensure meaningful review of the appealable one." *Timpanogos Tribe v. Conway,* 286 F.3d 1195, 1200 (10th Cir.2002) (quotation omitted).

The State's claim is neither: (1) independently subject to the collateral order doctrine nor (2) inextricably intertwined with one that is. While issues of immunity fall within the collateral order doctrine, Oklahoma's failure-to-exhaust claim does not by itself trigger the doctrine. The merit of Oklahoma's exhaustion claim rests on less urgent questions of statutory interpretation and equitable considerations effectively reviewable after final judgment, without causing irreparable damage to a vital state interest. Furthermore, the State's immunity claim is easily separated from its exhaustion claim.

### V.

We AFFIRM the district court's refusal to grant Eleventh Amendment immunity to Oklahoma. Because we lack appellate jurisdiction over all other aspects of the court's ruling, we may not review them at this time.