**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

L.C., and K.C., as individuals and as
guardians on behalf of N.C., a minor
child, and as class representative of all
others similarly situated,

     Plaintiffs-Appellants,

v.

UTAH STATE BOARD OF
EDUCATION; UTAH STATE
DEPARTMENT OF EDUCATION;
OGDEN CITY SCHOOL DISTRICT;
STEVEN O. LAING, Utah State
Superintendent of Public Instruction;
MAE TAYLOR, Director of Special
Education Services; GINGER RHODE,
Coordinator, Special Education State and
Federal Compliance Officer; TED
ADAMS, Superintendent of Ogden City
School District; MOZELLE
PRESTRIDGE, Special Education
Coordinator,

     Defendants-Appellees.

No. 02-4090

(D.C. No. 2:98-CV-207-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Before **BRISCOE**, **McKAY** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

L.C. and K.C., parents of N.C., a child covered by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*., appeal the district court's order granting summary judgment in favor of the defendants. *See* L.C. v. Utah State Bd. of Educ., 188 F. Supp. 2d 1330, 1341 (D. Utah 2002). Because we conclude the order appealed is not a final appealable order as required by 28 U.S.C. § 1291, we dismiss the appeal for lack of jurisdiction and remand for further proceedings.

The parents filed suit against the Utah State Board of Education, the Utah State Office of Education, the State Superintendent in his official capacity, and Mae Taylor, Utah's Federal and State Compliance Officer, in her official and individual capacities, the Ogden School District, and several Ogden School District administrators in their official capacities. The parents alleged the defendants' efforts to educate N.C. did not meet the standards set by IDEA and the defendants' conduct after the parents challenged the services violated the procedural guarantees of both the IDEA and the Due Process Clause

of the United States Constitution.[1]  The district court framed the parents' claims as

follows:

> 1. Under 20 U.S.C. § 1400 *et seq*. (IDEA), claiming that the *substantive outcome* of the IDEA hearing process violated N.C.'s right to receive a free and appropriate public education;
>
> 2. Under 42 U.S.C. § 1983, claiming that the defendants failed to provide N.C., L.C., and K.C. with the due process protections guaranteed under IDEA; and
>
> 3.  Under 42 U.S.C. § 1983, for failure to provide due process protections guaranteed by the Due Process Clause of the Fifth Amendment.

L.C., 188 F. Supp. 2d at 1335 (emphasis added); *see also* L.C. v. Utah State Bd. of Educ.,

57 F. Supp. 2d 1214, 1217 (D. Utah 1999) (recounting the same allegations in order

denying defendants' motion to dismiss).

During the time this matter was pending, we concluded in Padilla v. School

District No. 1, 233 F.3d 1268 (10th Cir. 2000), that IDEA's enforcement scheme is so

comprehensive that claims alleging IDEA violations under 42 U.S.C. § 1983 are

precluded.  *See* 233 F.3d at 1274.  Following our decision in Padilla, defendants moved

for summary judgment, arguing (1) plaintiffs could not sue under § 1983 for IDEA

violations; (2) plaintiffs failed to state a claim for violations of IDEA's *due process*

guarantees; (3) defendants were entitled to immunity from § 1983 liability under the

---

[1]  The IDEA includes both substantive and procedural guarantees that are enforceable in civil litigation.  *See*, *e.g.*, J.D. v. Pawlet Sch. Dist., 224 F.3d 60, 64-70 (2d Cir. 2000) (reviewing district court's conclusions regarding both substantive and procedural IDEA claims).

Eleventh Amendment; and (4) defendant Taylor was entitled to qualified immunity. L.C., 188 F. Supp. 2d at 1335 (emphasis added). Relying upon Padilla, the district court granted judgment in favor of defendants with respect to all § 1983 claims that were based upon alleged violations of IDEA. The court further concluded the parents failed to present sufficient evidence to create a factual dispute with regard to their constitutional due process claim. *See id.* at 1336-38. Relevant to this appeal, the court also concluded the parents failed to establish a violation of IDEA's procedural protections. *See id.* at 1338-39 (addressing the statutory 45-day rule, the impartiality of the hearing officer, and the propriety of permitting Taylor, the person who suggested appointing the hearing officer, to testify).

The parents moved for reconsideration, arguing *inter alia* that the "court's opinion recites the standards for reviewing the record, but then does not review the record. The opinion does not address whether [N.C.] received a 'free appropriate public education' under" IDEA. App. at 465-66. The district court denied reconsideration, concluding that while it may not have "enunciated each and every reason for its previous order, all arguments and facts were carefully considered and weighed." *Id.* at 466.

The parents appealed the district court's judgment, but only insofar as it addressed their IDEA claims. *See* Aplt. Br. at 1. Upon review of the parties' briefs, we directed the parties to address whether the judgment of the district court was a final appealable order which satisfied 28 U.S.C. § 1291. Specifically, it appeared the defendants' motion for

summary judgment, which the district court granted in full, did not seek summary judgment on the parents' "substantive" IDEA claim.

The defendants make two arguments in their jurisdictional brief. They contend the parents' appellate brief did not raise the issue of their substantive IDEA claim. While it is true the parents' brief does not specifically identify the denial of the substantive IDEA claim as an issue appealed, they do argue their substantive IDEA claim had merit. Aplt. Br. at 46-51. Further, the defendants' argument overlooks our continuing duty to independently examine whether we have jurisdiction to act. *See* Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 95 (1998). In addition, the defendants argue the district court's failure to address the parents' substantive claim is excusable because the parents failed to defend it during the summary judgment phase. While this argument implies some type of waiver of the unadjudicated substantive claim by the parents, the parents had no duty to address the claim when the defendants did not seek summary judgment on it. Likewise, the district court had no reason to address the claim when the defendants did not include the substantive claim among those upon which it sought summary judgment.

The parents suggest that while the defendants did not address the substantive claim during the summary judgment stage and the district court did not consider it, the court's order "nonetheless *did* dismiss the entire action and close the case, . . . creating what we believe is a final, appealable order." Aplt. Jur. Br. at 3 (emphasis in original). Despite the parents' invitation to overlook the unadjudicated claim, it has long been recognized

5

that parties cannot confer jurisdiction upon this court. *See* <u>Kennedy v Lubar</u>, 273 F. 3d 1293, 1301 (10th Cir. 2001). Instead, we have an obligation to act only where the judgment of the district court is final or where certain limited exceptions, such as the <u>Cohen</u> "collateral order" doctrine, apply. *See* <u>Stewart v. Oklahoma</u>, 292 F. 3d 1257, 1259 (10th Cir. 2002). Because the district court's order disposes of most, but not all claims,[2] we conclude it is neither final nor one that falls within one of the limited exceptions.

The appeal is DISMISSED for lack of jurisdiction and the case is REMANDED to the district court for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] In <u>Lewis v. B.F. Goodrich Co.</u>, 850 F.2d 641, 645-46 (10th Cir. 1988), we indicated that rulings encompassing fewer than all claims may nonetheless be considered by this court where a party seeks and obtains a Fed. R. Civ. P. 54(b) certification from the district court. The parents expressly state they have not sought a Rule 54(b) certification.