**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOREEN JANICE CURRY,

Plaintiff - Appellant,

v.

ROBERT HALF INTERNATIONAL,
INC. d/b/a ACCOUNTEMPS
SPECIALIZED STAFFING,

Defendant - Appellee.

No. 02-5198
(D.C. No. 02-CV-27-H)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **McKAY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

*I. Background*

Plaintiff Doreen Janice Curry, proceeding pro se, filed an action against her former

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

employer, Robert Half International, Inc., d/b/a Accountemps Specialized Staffing

("Accountemps"), alleging breach of contract, racial discrimination, retaliatory

discrimination, wrongful termination, and failure to provide medical leave. The district

court granted defendant's motion for summary judgment and denied plaintiff's motion for

summary judgment.[1] Specifically, the district court held that: (1) plaintiff failed to

establish the existence of a contract; (2) plaintiff did not present evidence that defendant

engaged in any conduct indicating racial animus or racial hostility toward plaintiff; (3)

plaintiff did not present evidence indicating that the allegedly actionable retaliatory

conduct was attributable to defendant; and (4) plaintiff's claim for medical leave was not

cognizable under the Family Medical Leave Act or any other state or federal law.

Plaintiff appeals these decisions.

Plaintiff also appeals various rulings of the district court, alleging the district court

erred by: (1) denying plaintiff's request for court-appointed counsel; and (2) denying

plaintiff's request for the court reporter's transcript at government expense. Plaintiff also

alleges that the magistrate judge erred by denying plaintiff's motion to strike her

deposition testimony. Lastly, plaintiff claims that defendant engaged in witness

---

[1] Although the denial of a motion for summary judgment motion is generally not appealable as a final order under 28 U.S.C. § 1291, *Stewart v. Oklahoma*, 292 F.3d 1257, 1259 (10th Cir. 2002), the denial becomes appealable when it is accompanied by a final order granting a cross-motion for summary judgment, *Stroehmann Bakeries, Inc. v. Local 776, Int'l Brotherhood of Teamsters*, 969 F.2d 1436, 1440 (3rd Cir. 1992), *cert. denied*, 506 U.S. 1022 (1992).

tampering and obstruction of justice.[2]  We exercise jurisdiction pursuant to 28 U.S.C. §

1291 and AFFIRM.

## II.  Discussion

### A.      *Summary Judgment*

"We review the grant or denial of a motion for summary judgment de novo,

applying the same legal standard used by the district court pursuant to Fed. R. Civ. P.

56(c)." *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236 (10th Cir. 2002).  Summary

judgment is appropriate if there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); Fed. R. Civ. P. 56(c).  Because plaintiff is representing herself on appeal, we must

liberally construe her pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

After examining the parties' submissions, the record, and the relevant law, we are

convinced that the district court's disposition was correct.  We have nothing further to

add to the district court's thorough and well-reasoned analysis.  Accordingly, we affirm

for substantially the same reasons set forth in the district court's order dated October 17,

2002.

---

[2]  Plaintiff's witness tampering and obstruction of justice claims were not raised before the district court.  As a general rule, an issue not raised before the district court will not be considered for the first time on appeal.  *In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992) (Stating the general rule that "'a federal appellate court does not consider an issue not passed upon below.'").  Plaintiff provides no reason for this court to depart from that general rule, and we decline to do so.

B.    *Other Rulings*

We review the denial of appointment of counsel in a civil case for abuse of discretion. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). It is clear from the district court's order denying appointment of counsel that the court fully evaluated the applicable standard for appointment of counsel as set forth in *Rucks*. We find no abuse of discretion in the district court's decision.

Plaintiff argues that her rights were violated when she was denied a transcript of the district court proceedings. The district court has discretion under 28 U.S.C. § 753(f) to order a transcript at public expense for a civil litigant if the "judge certifies that the appeal is not frivolous (but presents a substantial question)." Based on our review of the record, we cannot find that plaintiff presents a substantial question on appeal, and we conclude the district court did not abuse its discretion in refusing to provide her a free transcript.

Lastly, the plaintiff alleges that the magistrate judge erred in refusing to strike her deposition testimony. We review discovery rulings for an abuse of discretion. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1238 (10th Cir. 2000). We find no merit in plaintiff's numerous complaints regarding the July 12, 2002, deposition, and we certainly find no abuse of discretion in the magistrate judge's decision.

## III.  Conclusion

Based on foregoing reasons, we AFFIRM the district court's grant of summary

judgment in favor of defendant and AFFIRM the district court's denial of plaintiff's summary judgment motion.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge