**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE MEDINA ESCOBAR,

          Plaintiff-Appellant,

v.

L. REID; K. COOPER; E. CELLA;
T. HAUCKS; E. PERRY;
D. GALLAGHER; SGT. BINDER;
C/O VALDEZ; J. BROWN; J. SIMS;
E. DICLUSION; E. MORA;
A. LUNA; R. WENCL;
J. WERMERS; R. OLIVETT;
C/O JACKSON; L. MONTOYA;
C/O BALL; JOHN DOW;
LT. PAULINO; C/O RAYMOND;
C/O SANTOS; SGT. D. SMITH;
C/O WILLIAMS; CAPTAIN
MIKLICH; LT. MATHEWS;
SGT. OATES; C/O COLTON;
C/O HAMULA; C/O WOOLFOLK;
DR. CRANEY; NURSE RITA,

          Defendants-Appellees.

No. 08-1474
(D.C. No. 1:06-CV-01222-CMA-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

_____

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Jose Medina Escobar, a Colorado state prisoner, filed an interlocutory appeal in connection with his 42 U.S.C. § 1983 lawsuit against Colorado prison officials and employees. We affirm the district court's denial of Escobar's motion for a preliminary injunction and dismiss the remainder of the appeal for lack of jurisdiction.

## I. Background

Escobar's amended civil-rights complaint alleges that numerous individuals in the Colorado prison system violated his constitutional rights in various ways. His filing describes incidents of physical and mental abuse, harassment, excessive force, threats, slander, discrimination, assault with human waste matter, denial of adequate medical attention, retaliation for exercise of his legal rights, destruction of his belongings, contamination of his food, interference with his legal mail and materials, and confinement with inmate enemies.

In a motion for a temporary restraining order or preliminary injunction and a similar motion to compel, Escobar sought an order enjoining correctional officials from engaging in the alleged behavior. He also asked for leave to introduce an additional supplemental complaint. After holding an evidentiary hearing, the magistrate judge recommended denial of Escobar's motions. Escobar objected to the recommendation. The district court conducted a de novo review

of the issues and accepted the magistrate judge's recommendation. Escobar then filed an interlocutory appeal of the district court's decision. The underlying litigation is proceeding in district court.

## II. Discussion

### Jurisdiction

Absent certain limited exceptions, "federal appellate courts have jurisdiction solely over appeals from 'final decisions of the district courts of the United States.'" *Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001) (quoting 28 U.S.C. § 1291) (emphasis deleted). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quotation omitted). The district court has not yet entered a final decision regarding Escobar's case.

We have jurisdiction, however, to review the denial of his request for a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . refusing . . . injunctions"). But to the extent Escobar seeks to challenge the district court's denial of the motion to supplement his complaint or any other interlocutory ruling, we lack jurisdiction over his appeal.

**Preliminary Injunction**

We review a district court's denial of a preliminary injunction for abuse of discretion, which occurs when "it commits an error of law or makes clearly erroneous factual findings." *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (quotation omitted). "Our review of the district court's exercise of discretion is narrow and the merits . . . may be considered on appeal only insofar as they bear on the issue of judicial discretion." *Id.* (quotations and citation omitted).

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Id.* "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

In recommending denial of Escobar's request, the magistrate judge first noted that the mandatory relief sought by Mr. Escobar was disfavored in that it attempted to alter the status quo and a grant of his motion would provide him with "all the relief that [he] could recover at the conclusion of a full trial on the merits" of his civil-rights action. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259

(10th Cir. 2005) (listing "specifically disfavored preliminary injunctions" and stating that requests for disfavored relief "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course") (quotations omitted). The magistrate judge also reiterated the well-established principle that "prison officials' exercises of discretion should generally be respected, as federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Wilson v. Jones*, 430 F.3d 1113, 1123 (10th Cir. 2005) (quotation omitted).

Although the magistrate judge acknowledged that Escobar's allegations were serious, she determined that, at the preliminary injunction stage, Escobar had not shown that he was incarcerated under circumstances giving rise to a substantial risk of serious harm. As a result, Escobar had not demonstrated a likelihood of success on the merits of his civil-rights claims. Without evaluating the remaining factors, the magistrate judge recommended denial of Escobar's request. In its review, the district court "concluded that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct." R., Vol. 1 at 471. It therefore accepted the recommendation and denied injunctive relief.

After reviewing the record on appeal, we conclude the district court did not abuse its discretion in denying Escobar's request. Although Escobar's allegations

of mistreatment are serious, at this stage his conclusory statements do not demonstrate a likelihood of success on the merits of his case.

The order of the district court denying Escobar's request for preliminary injunction is AFFIRMED. The remainder of his appeal is DISMISSED for lack of jurisdiction. Escobar's motion to introduce an affidavit regarding his present status is DENIED, in that the affidavit is not part of the district-court record. *See Nulf v. Int'l Paper Co.*, 656 F.2d 553, 559 (10th Cir. 1981) ("Matters not appearing in the record will not be considered by the court of appeals.").

Entered for the Court

Timothy M. Tymkovich
Circuit Judge