**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILL R. CATHEY,

      Plaintiff–Appellant,

v.

JUSTIN JONES, Director of DOC;
DEBBIE MORTON, Director's Designee;
RANDALL WORKMAN, Warden OSP;
CHESTER MASON, Medical
Administrator OSP; TRACY DAVIS,
Unit Manager H-Unit OSP; WILLIAM
JONES, Director of Security OSP;
MARCELLA THOMPSON, Shift
Supervisor H-Unit OSP; LINDA
MORGAN, Assistant Warden OSP;
SEAN CHUMLEY, Shift Supervisor H-
Unit OSP; DEBBIE ALDRIDGE, Unit
Manager; JOHN MARLER, Physician H-
Unit OSP; ERIC THOMAS, Case
Manager H-Unit OSP; RON PARKER,
Property room supervisor; FRANK
DEDMON, Captain OSP; MATTHEW
BUTZER, Guard; TERRY CRENSHAW;
MATTHEW KNIGHT; DAVID
ORMAN, Mail Room Supervisor;
GLENESE McCOY,

      Defendants–Appellees.

No. 12-7031
(D.C. No. 6:10-CV-00220-RAW-SPS)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Bill Cathey, a state prisoner proceeding pro se, appeals from the district court's dismissal of a portion of the claims asserted in his 42 U.S.C. § 1983 prisoner civil rights complaint and the district court's denial of his motion for a preliminary injunction. In June 2010, Plaintiff filed his complaint, asserting sixteen grounds for relief against the various Defendants, and a simultaneous motion for temporary restraining order seeking several forms of relief. Approximately three months later, and with the district court's permission, Plaintiff filed an amended complaint incorporating factual allegations regarding events that took place after submission of his initial complaint. At the Defendants' request, the district court stayed the proceedings to allow Defendants to file a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and struck all pending motions without prejudice including Plaintiff's motion for a temporary restraining order. After filing their special report, Defendants moved to dismiss the amended complaint and for summary judgment. Plaintiff filed several motions in

response. Among those motions was a "Motion for Temporary Injunction" spurred by a shakedown search of Plaintiff's cell conducted on June 16, 2011. In his motion, Plaintiff sought an order requiring Defendants to return all of his material, both legal and personal, which was seized on June 16, 2011, and an order prohibiting Defendants from seizing any more of Plaintiff's legal material during the pendency of this case. Alternatively, Plaintiff requested Defendants be ordered to produce the seized material at an evidentiary hearing during which they would be required to justify the seizures.

The district court granted Defendants' motion to dismiss and for summary judgment in part, dismissing with prejudice Plaintiff's exhausted claims and his claim based on his misconduct conviction. It denied Defendants' motion with regard to Plaintiff's unexhausted claims. It further denied Defendants' motion to dismiss as frivolous under 28 U.S.C. § 1915(e)(2) and granted Plaintiff thirty days to submit a second amended complaint in conformance with the instructions contained in the opinion and order. In the same order, the district court denied with prejudice Plaintiff's motion for a preliminary injunction for failure to address the four factors necessary to support a preliminary injunction. Plaintiff appeals each of these rulings.[1]

As an initial matter, we must address the scope of our jurisdiction. Our

---

[1] Although the district court ruled in Plaintiff's favor on the unexhausted claims and on Defendants' motion to dismiss as frivolous, Plaintiff nevertheless appears to challenge the district court's conclusion that his amended complaint was unnecessarily lengthy and that further factual allegations regarding the unexhausted claims were necessary.

jurisdiction generally extends only to final orders.  28 U.S.C. § 1291.  The district court's

order ruling on Defendants' motion to dismiss and for summary judgment adjudicated

fewer than all of Plaintiff's claims, dismissing only three claims with prejudice.  Because

the district court did not certify the order under Rule 54(b) of the Federal Rules of Civil

Procedure, the order is not a final, appealable judgment.  Fed. R. Civ. P. 54(b); *Atiya v.

Salt Lake Cnty.*, 988 F.2d 1013, 1016 (10th Cir. 1993).  We do, however, have

interlocutory jurisdiction to review the denial of Plaintiff's motion for a preliminary

injunction.  28 U.S.C. § 1292(a)(1); *Crow & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140,

1147 (10th Cir. 2011).  In addition, we may review the otherwise nonappealable decision

on Defendants' motion to dismiss and for summary judgment under pendent appellate

jurisdiction if it is "inextricably intertwined with the appealable decision, or [if] review is

necessary to ensure meaningful review of the appealable one."  *Stewart v. Oklahoma*, 292

F.3d 1257, 1260 (10th Cir. 2002) (internal quotation omitted).  However, "the exercise of

pendent appellate jurisdiction is generally disfavored," *Armijo ex rel. Chavez v. Wagon

Mound Pub. Sch.*, 159 F.3d 1253, 1264 (10th Cir. 1998) (internal quotation omitted), and

should be used sparingly, *Stewart*, 292 F.3d at 1260.  "We have . . . interpreted

'inextricably intertwined' to include only situations where the pendent claim is

coterminous with, or subsumed in, the claim before the court on interlocutory

appeal—that is, when the appellate resolution of the collateral appeal *necessarily* resolves

the pendent claim as well."  *United Transp. Union Local 1745 v. City of Albuquerque*,

178 F.3d 1109, 1114 (10th Cir. 1999) (internal quotations omitted).

The district court's dismissal of Plaintiff's exhausted claims and his claim based on his misconduct conviction are not inextricably intertwined with the denial of Plaintiff's motion for a preliminary injunction. Resolution of Plaintiff's motion for a preliminary injunction does not necessarily resolve whether the district court properly dismissed Plaintiff's exhausted claims and misconduct conviction claim, none of which are the basis for Plaintiff's motion for a preliminary injunction. Accordingly, we decline to exercise pendant appellate jurisdiction over the district court's order on Defendants' motion to dismiss and for summary judgment. *See id.* ("The exercise of pendent appellate jurisdiction is discretionary."). We therefore review only the district court's denial of Plaintiff's motion for a preliminary injunction.

We review the district court's denial of a preliminary injunction for an abuse of discretion. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). To obtain a preliminary injunction, Plaintiff was required to demonstrate four factors: "(1) a likelihood of success on the merits; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Because Plaintiff sought a mandatory preliminary injunction, which "requires the non-moving party to take affirmative action," he was required "to make a heightened showing of the four factors." *Id.* at 1208-09.

The district court denied Plaintiff's motion for failure to address any of the four factors. Plaintiff argues this was an abuse of discretion in light of his pro se status.

-5-

Specifically, Plaintiff contends the "district court should have evaluated the substance beneath the form and concluded that Plaintiff would suffer 'irreparable harm' if Defendants can seize his legal work at will, that he would prevail on the merits, that the harm to Plaintiff was greater than the inconvenience to Defendants, and that his injunction promoted the public interest." (Appellant's Opening Br. at 7.) Having thoroughly reviewed the record on appeal, we find no error in the district court's decision. Although a pro se litigant's pleadings are to be construed liberally, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff not only failed to specifically address the four factors, but also failed to provide any discussion from which the district court could adequately evaluate whether they had been met. Accordingly, the district court did not abuse its discretion in denying Plaintiff's motion. *See Escobar v. Reid*, 348 F. App'x 387, 389 (10th Cir. 2009) (affirming denial of pro se plaintiff's motion for preliminary inunction because his "conclusory statements do not demonstrate a likelihood of success on the merits of his case").

For the foregoing reasons, we **AFFIRM** the denial of Plaintiff's motion for a preliminary injunction. The remainder of Plaintiff's appeal is **DISMISSED** for lack of appellate jurisdiction. To the extent Plaintiff's "Motion to Restore Legal Access" seeks relief beyond leave to file an untimely reply brief, which has already been granted, it is **DENIED**. Plaintiff cannot assert a new claim under § 1983 for the first time on appeal. Plaintiff's motion to proceed *in forma pauperis* on appeal is **GRANTED**. Plaintiff is

reminded of his obligation to continue making partial payments until his entire filing fee

has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge